# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

LOUIS JACOBS,

    Petitioner,

vs.                                       Case No.:    3:14-cv-726-J-32JRK
                                                                    3:08-cr-382-J-32JRK

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Louis Jacobs's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, Motion to Vacate) and Supporting Memorandum (Civ. Doc. 2, Memorandum).[1] The United States has moved to dismiss the Motion to Vacate as untimely (Civ. Doc. 5, Motion to Dismiss), and Petitioner has replied (Civ. Doc. 6, Reply). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition. See Aron v. United States, 291 F.3d 708, 714–15 (11th Cir. 2002) (an evidentiary hearing on a § 2255 petition is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming that the facts he alleges are true,

---

[1] Citations to the record in the underlying criminal case, United States vs. Louis Jacobs, Case No. 3:08-cr-382-J-32JRK, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, Case No. 3:14-cv-726-J-32JRK, will be denoted as "Civ. Doc. __."

1

he still would not be entitled to any relief). For the reasons set forth below, Petitioner's motion to vacate is due to be dismissed.

## I. Background

On October 22, 2008, a grand jury indicted Petitioner on one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Crim. Doc. 1, Indictment). On February 11, 2009, Petitioner pled guilty to the charge without a plea agreement. (See Crim. Doc. 36, Acceptance of Guilty Plea; Crim. Doc. 60, Plea Transcript).

The presentence investigation report (PSR) classified Petitioner as a "career offender" under the United States Sentencing Guidelines, § 4B1.1. (See Crim. Doc. 66, Amendment 782 Memorandum at 1, 11). The PSR designated Petitioner as a career offender because he had four prior convictions for either the sale of cocaine or the possession of cocaine with intent to sell or deliver, all felonies under Florida law. (Id. at 11); see also Fla. Stat. § 893.13(1)(a)(1).[2] Petitioner raised no objection to his classification as a career offender. (See Crim. Doc. 66 at 31; Crim. Doc. 58, Sentencing

---

[2] Under U.S.S.G. § 4B1.1, a defendant is classified as a "career offender" if he has two or more prior convictions for either a "crime of violence" or a "controlled substance offense." A "controlled substance offense" is

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

2

Transcript at 2-3). As such, the Court determined that his guidelines offense level was 34 and his criminal history category was VI, yielding an advisory sentencing range of 262 to 327 months in prison. (Crim. Doc. 58 at 2). The Court ended up sentencing Petitioner below the guidelines range, to a term of 210 months in prison. (Id. at 23). The Court explained that such a sentence was sufficient, but not greater than necessary, to accomplish the statutory goals of sentencing, taking into account Petitioner's criminal history and the fact that he tried to cooperate with law enforcement after his arrest. (Id. at 17-23). The Court entered judgment on February 1, 2010. (See Crim. Doc. 53, Judgment).

Petitioner did not file a notice of appeal. As such, his conviction and sentence became final 14 days later, on February 15, 2010, when the time expired to file a notice of appeal. See Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (when a defendant does not file a notice of appeal, the conviction and sentence become final when the time for filing a notice of appeal expires); see also Fed. R. App. P. 4(b)(1)(A) (2009) (a defendant has 14 days from the entry of judgment to file a notice of appeal). Under 28 U.S.C. § 2255(f)(1), Petitioner had one year from that date, or until February 15, 2011, to file a § 2255 motion. Petitioner filed the instant Motion to Vacate on June 16, 2014,[3] or more than four years after his conviction and sentence became final.

---

[3]   Petitioner states that he deposited the Motion to Vacate with the prison authorities on June 16, 2014. (Civ. Doc. 1 at 13). Pursuant to the prison mailbox rule, this is the date on which the Court deems Petitioner to have filed the motion. See Houston v. Lack, 487 U.S. 266, 270-71 (1988).

## II.     Petitioner's Motion to Vacate

Petitioner raises a single ground in his Motion to Vacate. He contends that the Court incorrectly sentenced him as a career offender under U.S.S.G. § 4B1.1. (Civ. Doc. 1 at 4). Petitioner asserts that, in the wake of <u>Descamps v. United States</u>, 133 S. Ct. 2276 (June 20, 2013), and <u>Donawa v. Attorney General</u>, 735 F.3d 1275 (11th Cir. 2013), his prior Florida convictions for the sale or possession of cocaine with intent to sell do not qualify as "controlled substance offenses" for purposes of U.S.S.G. § 4B1.1. Petitioner contends that a conviction for selling or possessing cocaine with intent to sell, under Fla. Stat. § 893.13(1)(a)(1), is not a "controlled substance offense" for two reasons. First, Petitioner contends that such a prior conviction does not qualify because Fla. Stat. § 893.13(1) does not require the State to prove that the defendant knew the illicit nature of the controlled substance. Second, Petitioner contends that Fla. Stat. § 893.13(1) is indivisible, and that because some violations of the statute are misdemeanors, a court must presume that a violation of § 893.13(1) is no more than a misdemeanor. If a prior conviction is a misdemeanor, then it is not a "controlled substance offense" as defined in U.S.S.G. § 4B1.2.

Petitioner also contends that the Motion to Vacate is timely under 28 U.S.C. § 2255(f)(3) in light of <u>Descamps</u>. (Civ. Doc. 2 at 10). Under § 2255(f)(3), a motion to vacate is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner argues that his Motion to Vacate is timely because

4

Descamps applies retroactively on collateral review, and he filed the Motion to Vacate within one year of the Supreme Court's decision in Descamps. (Civ. Doc. 2 at 10-12).

### III. Discussion

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamental as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a prisoner has a year from one of four dates in which to move to vacate his sentence. The one-year statute of limitations runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphases added). Only §§ 2255(f)(1) and 2255(f)(3) are relevant in this case.

Petitioner's Motion to Vacate fails for two independently sufficient reasons. First, the Motion to Vacate, filed on June 16, 2014, is untimely. The Motion to Vacate is untimely under 28 U.S.C. § 2255(f)(1) because Petitioner filed the Motion more than four years after his conviction and sentence became final (on February 15, 2010). Section 2255(f)(3) also cannot save Petitioner's Motion to Vacate from being untimely because <u>Descamps</u> does not satisfy the statutory criteria for triggering § 2255(f)(3).

As noted, pursuant to § 2255(f)(3), a prisoner may file a § 2255 motion within one year of "the date on which the right asserted was <u>initially</u> recognized by the Supreme Court, if that right <u>has been newly recognized by the Supreme Court</u> and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3) (emphases added). Thus, a Supreme Court decision must have two qualities to trigger § 2255(f)(3): (1) the decision must "initially" recognize, or "newly" recognize, the right asserted, and (2) the decision must have been "made retroactively applicable to cases on collateral review." "If [a] decision merely clarifies an old rule… then the decision applies retroactively. However, under such circumstances the petitioner will not be able to take advantage of the extended statute of limitations under § 2255, which requires a newly recognized right by the Supreme Court." <u>Figuereo-Sanchez v. United States</u>, 678 F.3d 1203, 1207 n.4 (11th Cir. 2013) (citations omitted). Thus,

retroactivity alone is not enough for a Supreme Court decision to activate § 2255(f)(3); the decision must also announce a newly recognized right.

Descamps is the type of case Figuereo-Sanchez contemplated. In Descamps, the Supreme Court reiterated its holding in Taylor v. United States, 495 U.S. 575 (1990), that a court may only employ the "modified categorical approach" to determine the nature of a prior conviction if the statute of conviction is "divisible," meaning the statute lays out alternative elements of an offense. Descamps, 133 S. Ct. at 2281-83, 2293.[4] Descamps therefore did not announce a newly recognized right, but merely explained a prior holding. The Eleventh Circuit has held that Descamps applies retroactively on collateral review, but only because Descamps clarified a two-decade old rule governing the use of the modified categorical approach. Mays v. United States, 817 F.3d 728, 733-34 (11th Cir. 2016). "As the Supreme Court and other circuits have recognized, Descamps did not announce a new rule—its holding merely clarified existing precedent." Mays, 817 F.3d at 734. See also Descamps, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); id. at 2285 ("That is the job, as we have always understood it, of the modified approach....") (emphasis added); Ezell v. United States, 778 F.3d 762, 763 (9th Cir. 2015) ("We hold that the Supreme Court did not announce a new rule of constitutional law in Descamps. Rather, it clarified—as a

---

[4] The "modified categorical approach" allows a sentencing court to look beyond a statute's description of the elements to a limited class of documents from the defendant's prior case, such as the indictment or information, the judgment, or the plea colloquy.

matter of statutory interpretation—application of the ACCA in light of existing precedent."), cert. denied, 136 S. Ct. 256 (2015); United States v. Davis, 751 F.3d 769, 775 (6th Cir. 2014) ("The Supreme Court in Descamps explained that it was not announcing a new rule, but was simply reaffirming" an existing approach.).  Because § 2255(f)(3) only applies when there is a Supreme Court decision that announces a newly recognized right, and Descamps did no such thing, Petitioner cannot rely on Descamps and § 2255(f)(3) to render the Motion to Vacate timely.  Accordingly, the Motion to Vacate is untimely and it is due to be dismissed.[5]

Second, even if Petitioner's Motion to Vacate were timely, his claim is not cognizable under 28 U.S.C. § 2255.  Petitioner argues that the Court misclassified him as a guidelines career offender as a result of incorrectly counting his prior cocaine convictions as "controlled substance offenses."  Petitioner contends that such an error is in violation of the laws of the United States and constitutes a miscarriage of justice.  (Civ. Doc. 2 at 1-2; Civ. Doc. 6 at 5-6).

After Petitioner filed the Motion to Vacate, however, the Eleventh Circuit held that a misapplication of the Guidelines' career offender enhancement is not an error that warrants collateral relief.  Spencer v. United States, 773 F.3d 1132, 1138-40 (11th Cir. 2014) (en banc) ("Spencer III").  "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."  Id. at 1138.  The court

---

[5]     Petitioner also cited Moncrieffe v. Holder, 133 S. Ct. 1678 (April 23, 2013), in his Memorandum.  (Civ. Doc. 2 at 8, 9).  Because Petitioner filed the Motion to Vacate on June 16, 2014, more than a year after Moncrieffe, he cannot rely on Moncrieffe either to make the motion timely under § 2255(f)(3).

8

explained that a miscarriage of justice occurs where a defendant is actually innocent, or where a defendant's sentence is "unlawful," as when the sentence exceeds the statutory maximum, or when the defendant and his counsel are denied the right to be present at the sentencing hearing. Id. at 1138-39. However, lesser sentencing errors are not cognizable on collateral review. As the court explained, the Guidelines are purely advisory; thus, a court could impose the same sentence with or without the career offender enhancement, and the sentence would remain lawful as long as it is below the statutory maximum. Id. at 1140 ("But any miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory. If the district court were to resentence Spencer, the district court could impose the same sentence again.") (citing Gilbert v. United States, 640 F.3d 1293, 1304 (11th Cir. 2011) (en banc)).[6] If a defendant has been sentenced below the statutory maximum, he can only establish that a sentencing error resulted in a miscarriage of justice by "prov[ing] either actual innocence of his crime or the vacatur of a prior conviction." Spencer III, 773 F.3d at 1139. A straight misapplication of the Guidelines' career offender provision, however, fits neither exception. Accordingly, Petitioner's claim is not cognizable under 28 U.S.C. § 2255(a).[7]

---

[6]  Indeed, the fact that the Court sentenced Petitioner below his career offender guidelines range underscores the non-binding, advisory nature of the career offender enhancement.

[7]  Even if Petitioner's Motion to Vacate were both timely and cognizable, at least part of his argument would fail on the merits anyway because binding precedent clearly forecloses it. To the extent Petitioner argues that a conviction under Fla. Stat. § 893.13(1) does not qualify as a "controlled substance offense" because it does not require the State to prove that the defendant knew the illicit nature of the controlled

9

For the foregoing reasons, it is hereby

**ORDERED:**

1. The United States' Motion to Dismiss (Civ. Doc. 5) is **GRANTED**.

2. Petitioner Louis Jacobs's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED WITH PREJUDICE.**

3. The Clerk shall enter judgment in favor of the United States and against Petitioner, and close the case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting

---

substance, the Eleventh Circuit has rejected that contention. United States v. Smith, 775 F.3d 1262, 1267-68 (11th Cir. 2014), cert. denied, 135 S. Ct. 2897 (2015). The Eleventh Circuit held that "[s]ection 893.13(1) of the Florida Statutes is both a 'serious drug offense,' 18 U.S.C. § 924(e)(2)(A), and a 'controlled substance offense,' U.S.S.G. § 4B1.2(b). Neither definition requires that a predicate state offense includes an element of mens rea with respect to the illicit nature of the controlled substance." Id. at 1268.

Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of September, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:

Counsel of record
Petitioner Louis Jacobs